IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GLORIA MORRIS,<br>Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:10-CV-798-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Gloria Morris, Reg. No. 32185-177, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. Procedural History

In 2005, pursuant to a plea agreement, petitioner pleaded guilty in this court to one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See United States v. Morris*, PACER, U.S. Party/Case Index, Criminal Docket for # 4:05-CR-00049-Y. Petitioner was sentenced to a term of 120 months for the drug conviction and a term of 60 months for the firearm conviction, and the sentences were ordered to run consecutively. Petitioner appealed, challenging her sentences under both 21 U.S.C. 841 and 18 U.S.C. § 924(c), to no avail.

Petitioner now brings this habeas petition, wherein she claims her consecutive sentences are inconsistent with the sentencing guidelines. According to petitioner, "the plain language of 18 U.S.C. § 924(c)(1)(A) forbids a court from sentencing a criminal defendant under both the mandatory minimum sentence found in § 924(c)(1)(A) and another greater mandatory minimum sentence in any other provision of law." (Pet'r Resp. at 3) Relying on the Second Circuit's decision in *United States v. Almany*, 598 F.3d 238 (2nd Cir. 2010), she argues the court erred by imposing the consecutive sentence under § 924(c) because she received a greater minimum sentence for the drug conviction, and she seeks resentencing. The government has filed a motion to dismiss the petition for lack of jurisdiction.

## D. Discussion

Respondent claims a § 2241 petition is not the proper vehicle within which petitioner may raise her claim. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction

or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. Even if she could satisfy the savings clause, her argument is foreclosed by the Supreme Court's decision in *Abbott v. United States*, 562 U.S. —, 131 S. Ct. 18 (2010). In *Abbott*, the Court held that § 924(c) subjects a defendant to a mandatory, consecutive sentence regardless of whether the defendant also receives a greater mandatory minimum sentence on a different count of conviction. *Id.*, 131 S. Ct. at 23.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the government's motion to dismiss be granted, and petitioner's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 23, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 23, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 2, ~~2010~~ 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE